# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRETT C. TITTLE,

    Plaintiff,

    v.                                                                                    Case No. 07-C-947

PATRICK FLANAGAN,
FLANAGAN LAW OFFICE, LLC,
and STATE OF WISCONSIN,

    Defendant.

## ORDER GRANTING PLAINTIFF LEAVE TO PROCEED
## IN FORMA PAUPERIS AND DISMISSING CASE

The plaintiff, who is proceeding pro se, lodged this action under 42 U.S.C. §1983, alleging that his civil rights were violated. Consequently, this matter is before the court on the plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the

prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $1.33.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). T therefore, t he court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

2

Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at the Milwaukee County Jail. He alleges that defendant Patrick Flanagan, who was representing him through appointment by the State of Wisconsin Office of the Public Defender at a motion for a new hearing, stated in court that the plaintiff has "trouble with women and I have some sort of phsycological [sic] issues stemming from past relationships and told the judge to issue orders for some sort of counseling if I want to continue to have relationships with women." (Complaint ¶ IV.A.) The plaintiff contends that defendant Flanagan's actions were "unwarranted and unprovoked and his statement was an official branding and a stigma, this act was degrading to my good name and my reputation and he marked me with some sort of illness." Id. According to the plaintiff, the statement caused embarrassment and exposed

3

him to public ridicule, handing him a badge of disgrace and a badge of infamy. Further, plaintiff submits that defendant Flanagan engaged in an act of oppression which "involved the hardship of a criminal conviction while he was representing me and without any notice causing humiliation and worthlessness and depression." Id. The plaintiff adds that defendant Flanagan violated his constitutional right to equal protection and seeks a written public apology, $100,000 in compensatory damages and $100,000 in punitive damages. In addition to suing Patrick Flanagan, the plaintiff has named the State of Wisconsin as a defendant. As an initial matter, plaintiff cannot sue the State of Wisconsin in this court because Eleventh Amendment immunity bars the action. See MSA Realty Corp. v. Illinois, 990 F.2d 288, 291 (7th Cir. 1993); see also Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999) ("[S]tate and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983."). Thus, the State of Wisconsin is not a proper defendant in this suit.

Turning to defendant Flanagan, public defenders do not act under color of state law in their role as counsel to the defendant and thus are not subject to Section 1983 for their traditional representative duties. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Moreover, plaintiff's claims of slander and defamation are not actionable under a constitutional tort theory. Hernandez v. Joliet Police Dep't, 197 F.3d 256, 262 (7th Cir. 1999) (citing Paul v. Davis, 424 U.S. 693, 702 (1976)). There is "no constitutional doctrine converting every defamation by a public official into a deprivation of liberty . . . ." Paul, 424 U.S. at 702; see also Batagiannis v. West Lafayette Community School Corp., 454 F.3d 738, 742 (7th Cir. 2006).

4

Case 2:07-cv-00947-AEG   Filed 04/15/08   Page 4 of 7   Document 4

This plaintiff has provided no arguable basis for relief, inasmuch as he has failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989)).

Finally, the court notes that the plaintiff has been a frequent litigator in this district. Indeed, he has accumulated three "strikes" because three previous cases, wherein he sought leave to proceed in forma pauperis, were dismissed for failure to state a claim. See 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury"). Those cases are: 1) Tittle v. Bauer, No. 06-cv-1190, 2007 WL 162570, at *5 (E.D. Wis. Jan. 17, 2007); 2) Tittle v. Herbst, No. 06-cv-985, 2007 WL 1101286, at *4 (E.D. Wis. April 12, 2007); and 3) Tittle v. Wisconsin, No. 07-cv-739, 2007 WL 4206965, at *4 (E.D. Wis. Nov. 27, 2007). Inasmuch as the third strike occurred after this case was filed, the plaintiff was not prevented from proceeding in forma pauperis in the case now before the court.

Dismissal of this case for failure to state a claim counts as the plaintiff's fourth strike. A prisoner who becomes ineligible under § 1915(g) to continue litigating in forma pauperis, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future lawsuits, pursuant to the mechanism devised by Support Systems Int'l v. Mack, 45 F.3d 185 (7th Cir. 1995) (per curiam). See Newlin v. Helman, 123 F.3d 429, 437 (7th Cir. 1997) (rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th

Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000)).  A Mack order requires the clerks of courts within this circuit to return civil complaints unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid.  Newlin, 123 F.3d at 437.  Although this Order does not include such an order, the plaintiff is hereby notified that he is now eligible for a Mack order.  Therefore,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and that judgment be entered accordingly.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and that he has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee collect from the plaintiff's prison trust account the $348.67 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**THE COURT I FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 15th day of April, 2008.

BY THE COURT:

s/ C. N. CLEVERT, JR.
Charles N. Clevert, Jr.
U.S. District Judge